**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirmala Arimilli, | No. CV-21-00345-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Keith Rezendes, | |
| Defendant. | |

Pending before the Court is Defendant Keith Rezendes' ("Defendant") Motion to Dismiss. (Doc. 5.) For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Nirmala Arimilli ("Plaintiff") formed a relationship with Defendant between 1999 and 2000. (Doc. 1-1 ¶¶ 5, 7.) In 2017, Defendant asked Plaintiff to invest in his company, Avidbrain Inc., and extended a job offer to Plaintiff. *Id.* ¶¶ 8, 10. In March and April 2017, Plaintiff invested in Defendant's company and accepted the employment offer. *Id.* ¶¶ 11–12.

While employed by Defendant, Plaintiff noticed "discrepancies in relation to [the] overall success of the company." *Id.* ¶ 14. Defendant denied any wrongdoing. *Id.* Plaintiff alleges that, due to her "years long trust in Defendant," she believed Defendant and maintained communication with Defendant. *Id.* ¶ 19. After receiving further information

that "affirmed [her] doubts and concerns about the company," Plaintiff confronted Defendant and was subjected to a "torrent of vitriol and verbal abuse." *Id.* ¶¶ 25. Plaintiff's last communication with Defendant was in November 2017. *Id.* ¶ 21.

Plaintiff filed suit in Maricopa County Superior Court on October 26, 2020. Plaintiff amended her complaint twice in state court. The Second Amended Complaint asserts the following claims against Defendant: fraudulent misrepresentation; negligent misrepresentation; professional negligence; gross negligence; fraudulent inducement; fraudulent concealment; breach of fiduciary duty; conversion, misappropriation; constructive fraud; security and stock fraud; breach of oral agreement; breach of written contract; identity theft; wage theft; unjust enrichment; intentional infliction of emotional distress ("IIED"); defamation; breach of the implied covenant of good faith and fair dealing; civil racketeering; and emergency protective order.[1] *Id.* Defendant removed the case to this Court on February 26, 2021. Defendant now moves to dismiss the majority of Plaintiff's claims.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

---

[1] In her response, Plaintiff stated she is rescinding her negligent misrepresentation and professional negligence claims. (Doc. 10 at 5.) Accordingly, those claims are dismissed.

Allegations in a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints must be liberally construed and afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II. Analysis

### A. Statute of Limitations

"The affirmative defense of statute of limitations may be raised by motion in Arizona if it appears from the face of the complaint that the claim is barred." *Dicenso v. Bryant Air Conditioning Co., a Div. of Carrier Corp.*, 131 Ariz. 605, 606, 643 P.2d 701, 702 (1982). "[W]hen it appears on the face of the complaint that an action may be barred by limitations, the burden is on the plaintiff to establish that the statute has been tolled." *Bailey v. Superior Ct. In & For Pima Cnty.*, 143 Ariz. 494, 498, 694 P.2d 324, 328 (Ct. App. 1985). Pursuant to the discovery rule, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998). An injured person need not know all the facts underlying their cause of action for the statute of limitations to begin to run, but "the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002) (internal quotations and citation omitted).

Plaintiff's claims have the following statutes of limitations: one year for defamation, A.R.S. § 12-541; two years for IIED, A.R.S. § 12-542; and two years for breach of the covenant of good faith and fair dealing, *Martin v. Weed Inc.*, No. CV-18-00027-TUC-RM, 2018 WL 2431837, at *2 (D. Ariz. May 30, 2018). Here, Plaintiff filed suit on October 26, 2020.

#### 1. Defamation

It is not clear from the Second Amended Complaint whether Plaintiff's defamation claim is time barred. The Second Amended Complaint does not state when the allegedly defamatory statements were made. Accordingly, Defendant's motion to dismiss the

defamation claim is denied.[2]

### 2. IIED

Plaintiff's IIED claim is time barred in part. The IIED claim is based on "[i]nteractions with Defendant and uncovering the concealment of fraud." (Doc. 1-1 ¶ 161.) It is not clear what interactions Plaintiff is referring to, but she does allege that she was subjected to a "torrent of vitriol and verbal abuse" and threats of retaliation when she confronted Defendant about falsehoods. *Id.* ¶ 28. As Plaintiff ceased communication with Defendant in November 2017, her interactions would have occurred in 2017. The Second Amended Complaint does not present a plausible basis for inferring that Plaintiff could not have known the facts underlying her IIED claim when she was subjected to the alleged verbal abuse. Accordingly, to the extent Plaintiff's IIED claim is based on her interactions with Defendant, it is time barred. The Second Amended Complaint does not make it clear, however, when Plaintiff uncovered concealment of the fraud. Accordingly, that portion of Plaintiff's IIED claim is not time barred but, as discussed below, is dismissed on the merits.

### 3. Implied Covenant of Good Faith and Fair Dealing

Plaintiff's breach of the implied covenant of good faith and fair dealing claim is time barred. Plaintiff alleges that Defendant breached the covenant by "engaging in actions purposefully aimed at frustrating and interfering with Plaintiff's ability to obtain truth regarding [the] matter and/or Plaintiff's ability to realize the accuracy of statements." *Id.* ¶ 176.[3] While still in communication with Defendant, Plaintiff brought up her suspicions about the company to Defendant, which Defendant deflected. *Id.* ¶¶ 17, 23. Prior to the parties ceasing communication in November 2017, Plaintiff "received information that affirmed doubts and concerns about the company" and confronted Defendant about "falsehood made to acquire investments." *Id.* ¶¶ 24, 28. In light of these allegations, the

---

[2] Defendant also argues that "Plaintiff has not met her burden of pleading a cognizable defamation claim." (Doc. 5 at 8.) As Defendant does not elaborate beyond this, Defendant has not met his burden in showing that Plaintiff's defamation claim should be dismissed.

[3] The Second Amended Complaint also indicates that Plaintiff's implied covenant claim is based on other "wrongful acts." *Id.* It is not possible to determine, however, what those other wrongful acts are. Accordingly, the claim does not contain sufficient factual allegations to state a claim.

Second Amended Complaint does not provide a plausible basis for inferring that Plaintiff could not have known, as of November 2017, that Defendant had interfered with Plaintiff's ability to obtain the truth.  Accordingly, Plaintiff's implied covenant of good faith and fair dealing claim is dismissed.

### B. IIED

To establish IIED under Arizona law, a plaintiff must demonstrate that (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended the emotional distress or "recklessly disregard[ed] the near certainty that such distress [would] result from his conduct[;]" and (3) severe emotional distress resulted from the defendant's conduct. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987).  Arizona has adopted the *Restatement* test for what constitutes extreme and outrageous conduct.  *See Johnson v. McDonald*, 197 Ariz. 155, 160, 3 P.3d 1075, 1080 (Ct. App. 1999).  The *Restatement* states:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Restatement (Second) of Torts § 46 cmt.d.

As discussed above, Plaintiff's IIED claim is partially based on uncovering concealment of fraud.  A reasonable mind could not find this conduct, as alleged, to constitute extreme and outrageous conduct.  Accordingly, Plaintiff's IIED claim is dismissed.

### C. Security and Stock Fraud, Misappropriation, Identity Theft, Wage Theft, Conversion, and Breach of Fiduciary Duty Claims

The Second Amended Complaint does not indicate what Plaintiff's legal grounds are for her security and stock fraud, misappropriation, identity theft, and wage theft claims.  In her response to the motion to dismiss, Plaintiff does not clarify what her legal basis is for these claims nor does she respond to Defendant's argument that the claims are

unrecognizable. Accordingly, Plaintiff's security and stock fraud, misappropriation, identity theft, and wage theft claims are dismissed.

Additionally, Plaintiff does not clearly identify the chattel that she bases her conversion claim on. She generally alleges that "Defendant converted purchases and [investment] funds for his own use." (Doc. 1-1 ¶ 99.) In her response, Plaintiff does not provide clarification. Plaintiff also does not affirmatively allege a fiduciary duty for her breach of fiduciary duty claim and provides no clarification in her response. Accordingly, Plaintiff's conversion and fiduciary duty claims are also dismissed.

### D. Fraud Claims

Plaintiff's fraudulent misrepresentation, fraudulent inducement, fraudulent concealment, and constructive fraud claims sound in fraud. Claims grounded in fraud must abide by Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *See Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337, at *5 (D. Ariz. Nov. 21, 2019). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (alteration in original) (internal quotations and citations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Further, a plaintiff must "set forth what is false or misleading about a statement, and why it is false." *Id.* Additionally, to prevail on a common law fraud claim, Plaintiff must show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Peery v. Hansen*, 120 Ariz. 266, 269, 585 P.2d 574, 577 (Ct. App. 1978).

Plaintiff alleges Defendant told her, on March 24, 2017 over a phone call, that all company filings were accurate. (Doc. 1-1 ¶ 37.) Plaintiff asserts that this representation is false because Defendant did not disclose his prior bankruptcy in the company filings. *Id.* ¶ 25. Plaintiff further alleges that Defendant knew this representation was false, Defendant made this representation to induce Plaintiff to act in reliance upon it, Plaintiff believed the representation to be true and invested with Defendant because of it, Plaintiff relied on the representation because of Defendant's knowledge and expertise, and that Plaintiff suffered damages because of her reliance, including loss of total investment. *Id.* ¶¶ 39–42. Taken together, these allegations satisfy Rule 9(b)'s requirements and the nine required elements of fraud. Accordingly, to the extent Plaintiff's fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment claims are based on Defendant's representation about the company filings, the claims remain. These claims are dismissed to the extent that they are based on other misrepresentations because the Second Amended Complaint does not make it clear when the other misrepresentations Plaintiff relies on occurred or why they are false. Additionally, as Plaintiff's constructive fraud claim is only based on misrepresentations that are not sufficiently particular, that claim is dismissed in full.

### E. Economic Loss Doctrine

The economic loss doctrine is a "common law rule limiting a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 Ariz. 320, 323, 223 P.3d 664, 667 (2010). Arizona takes a narrow approach to the economic loss doctrine. *See Sullivan v. Pulte Home Corp.*, 232 Ariz. 344, 345, 306 P.3d 1, 2 (2013). Arizona courts generally apply the doctrine in product liability and construction defect cases. *See Flagstaff*, 223 Ariz. at 323, 223 P.3d at 667. "In cases where courts have applied the rule outside these contexts, the parties had detailed contracts allocating risk of loss and specifying remedies." *Kenneth Eisen & Assocs., Ltd. v. CoxCom, Inc.*, No. CV-18-02120-PHX-JJT, 2019 WL 669770, at *2 (D. Ariz. Feb. 19, 2019).

Here, Plaintiff and Defendant entered into contracts relating to investment and

Plaintiff's "time" with the company. (Doc. 1-1 ¶¶ 113–38.) Without more information about the contracts, it is not possible to determine whether the economic loss doctrine applies to the specific contractual circumstances here. *See CoxCom, Inc.*, 2019 WL 669770, at *2. Accordingly, Defendant's motion to dismiss Plaintiff's fraudulent misrepresentation, fraudulent inducement, fraudulent concealment, and unjust enrichment claims pursuant to the economic loss doctrine is denied.

### F. Gross Negligence

To establish gross negligence, a plaintiff must show that the defendant "acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of *bodily harm* to others but also involves a high probability that substantial harm will result." *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (Ct. App. 1991) (emphasis added). Plaintiff does not allege that Defendant knew or had reason to know that his conduct would create an unreasonable risk of bodily harm. Accordingly, Plaintiff's gross negligence claim is dismissed.

### G. Civil Racketeering

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). Under RICO, an enterprise must be "a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit." *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (internal quotations and citation omitted). For instance, a plaintiff may satisfy this requirement by naming a defendant corporate

officer as the "person" and the defendant's corporation as the enterprise. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992). Additionally, to satisfy the "pattern" requirement, Plaintiff must allege at least two acts of racketeering activity within ten years of one another. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). One example of racketeering activity is wire fraud, as defined in 18 U.S.C. § 1343. *Id.*

Plaintiff bases her RICO claim on several provisions in Title 18 of the United States Code, including Section 1343. To sufficiently allege wire fraud, a plaintiff must show: "(1) a scheme to defraud, (2) use of the wires in furtherance of the scheme and (3) a specific intent to deceive or defraud." *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001). Use of wires may include email and telephone. *See Ferrari v. Mercedes-Benz USA, LLC*, No. 15-CV-4379 YGR, 2016 WL 658966, at *2 (N.D. Cal. Feb. 18, 2016).

Although not directly included within her cause of action section for civil racketeering, Plaintiff alleges that Defendant, in the operation of his company, made several misrepresentations to induce Plaintiff into investing with the company. (Doc. 1-1 ¶ 11.) For instance, Plaintiff alleges that on March 24, 2017, Defendant stated over a phone call that all company filings were accurate. *Id.* ¶ 37. Plaintiff also alleges that, on March 28, 2017, Defendant emailed Plaintiff an Executive Summary, from Arizona to Minnesota, which made claims about the company's success. *Id.* ¶ 38. Plaintiff asserts that the representations made to her on March 24 and March 28 were false, that Defendant knew these representations were false, and that Defendant made the representations with the intent to deceive and defraud Plaintiff. *Id.* ¶ 39. Drawing all reasonable inferences in favor of Plaintiff, Plaintiff plausibly alleges a RICO violation. Accordingly, Defendant's motion to dismiss Plaintiff's civil racketeering claim is denied.

### H. Emergency Protective Order

In asserting her need for an "emergency protective order," Plaintiff alleges that Defendant threatened her with retaliation and that she has "severe concerns for safety and well being." *Id.* ¶¶ 187–88. To the extent Plaintiff is seeking a protective order, as outlined in Federal Rule of Civil Procedure 26(c), Plaintiff is not seeking relief for a substantive

claim. Protective orders are properly sought through a motion. To the extent Plaintiff is seeking physical protection from Defendant, the Court is not the proper authority to provide such relief. Accordingly, Plaintiff's claim for emergency protective order is dismissed.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Keith Rezendes' Motion to Dismiss (Doc. 5) is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's defamation, unjust enrichment, and civil racketeering claims remain.
2. Plaintiff's negligent misrepresentation, breach of fiduciary duty, professional negligence, gross negligence, conversion, misappropriation, constructive fraud, security and stock fraud, identity theft, wage theft, IIED, implied covenant of good faith and fair dealing, and emergency protective order claims are dismissed with leave to amend.
3. Plaintiff's fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment claims remain to the extent they are based on Defendant's representation about company filings. To the extent they are not based on this representation, the claims are dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days from the date of this Order to amend her Second Amended Complaint.

Dated this 4th day of August, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge