**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirmala Arimilli,<br><br>        Plaintiff,<br><br>v.<br><br>Keith Rezendes,<br><br>        Defendant. | No. CV-21-00345-PHX-GMS<br><br>**ORDER** |

      Before the Court are Plaintiff Nirmala Arimilli's ("Plaintiff") Motion for Personal Protective Order (Doc. 25), Motion to Freeze Assets (Doc. 26), and Motion for Writ Ne Exeat (Doc. 27). Also before the Court is Defendant Keith Rezendes's ("Defendant") Motion to Strike the above motions (Doc. 31). For the following reasons, Defendant's Motion to Strike is granted in part and denied in part.

## BACKGROUND

      Plaintiff filed various tort claims against Defendant, arising from Defendant's business transactions. Plaintiff alleges that she was misled into investing in Defendant's unsuccessful business and suffered financial and emotional harm as a result.

      She filed her action in state court in October 2020 and filed an amended complaint that included federal claims in January 2021. Defendant removed the action to this Court. Having been granted leave to amend her complaint multiple times, Plaintiff filed her Fourth Amended Complaint on June 24, 2022. Shortly thereafter, she filed three of the motions

at issue here: Motion for Personal Protective Order, Motion to Freeze Assets, and Motion for Writ Ne Exeat (Docs. 25, 26, 27).

Plaintiffs motions all stem from the same allegations. She alleges that based on prior conversations with Defendant, she fears for her safety and has reason to believe Defendant will engage in unlawful activity and/or flee the country if the Court does not intervene. For those reasons, she asks the Court to issue a personal protective order, freeze Defendant's assets, and seize his passport to prevent him from leaving the country.

Defendant moves to strike the protective order, freeze assets, and writ ne exeat motions pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that they contain scandalous and unsupported attacks against Defendant. Alternatively, Defendant moves to strike Plaintiff's motions (including a Motion for Joinder, the merits of which are not addressed by this Order) pursuant to Federal Rule of Civil Procedure 11 and Local Rule of Civil Procedure 7.2(m) on the grounds that they do not have a proper legal basis.

## DISCUSSION

### I.  Defendant's Motion to Strike

#### A. Motion to Strike

Defendant's Motion to Strike is granted in part pursuant to the Court's inherent authority to manage its docket. Although Defendant relies on Rule 11, Rule 12(f), and Local Rule 7.2(m) to support his Motion to Strike, none of these rules provide a sufficient legal basis for striking the motions. Nevertheless, pursuant to its inherent authority to manage its docket, the Court strikes the Motion for Personal Protective Order, Motion to Freeze Assets, and Motion for Writ Ne Exeat.

First, these motions are without legal merit. As to Plaintiff's request for a personal protective order, it is unclear what type of protective order she seeks and what legal basis she relies on for such an order. Plaintiff asserts that she fears for her safety based on Defendant's prior comments and actions. However, to the extent that she seeks a protective order for her safety based on state law, this Court is not the proper forum to provide such relief. To the extent she seeks a protective order based on federal law or procedure, it is

unclear what form of protection she seeks, and thus, whether this Court is able to issue such an order.

Plaintiff's Motion to Freeze Defendant's assets lacks a proper legal basis. Plaintiff relies on Federal Rule of Civil Procedure 64 to assert that the Court should freeze the Defendant's assets. That rule, however, establishes that when securing satisfaction of a potential judgment, any remedy available in state court is available in federal court. Fed. R. Civ. P. 64(a). The rule itself does not grant the Court independent authority to freeze or seize any of Defendant's assets prior to litigation. To the extent the Court could construe this motion as a motion for a preliminary injunction, Plaintiff does not address any of the factors necessary to obtain a preliminary injunction. *See Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's Motion for Writ Ne Exeat likewise lacks a proper legal basis. "The power to issue a writ *ne exeat republica* is codified at 26 U.S.C. § 7402, which provides that district courts 'shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica . . .* as may be necessary or appropriate for the enforcement of the internal revenue laws.'" *Maehr v. U.S. Dep't of State*, No. 18-cv-02948, 2020 WL 967754, at *7 (D. Colo. Feb. 28, 2020). In order to issue a writ ne exeat, "a court must be satisfied that 'the restraint of liberty is a necessary, and not merely coercive and convenient, method of enforcement.'" *Id.* (quoting *United States v. Shaheen*, 445 F.2d 6, 11 (7th Cir. 1971)). Thus, the purpose of the writ "is to aid the sovereign to compel a citizen to pay his taxes." *Shaheen*, 445 F.2d at 9-10. The circumstances of this case do not permit the Court to issue such a writ because this case does not involve enforcement of any internal revenue laws, and to do so would unduly restrain Defendant's liberty.

To the extent Plaintiff requests a preliminary injunction with this motion, she does not address any of the factors necessary to obtain a preliminary injunction. *See Winter*, 555 U.S. at 20.

In filing documents without any legal merit, Plaintiff places serious allegations

about Defendant in the public record that appear to be irrelevant to the proceedings at hand. Courts have an "inherent authority to manage [their] dockets . . . with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Of course, "inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO*, 501 U.S. 32, 44 (1991). And "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45.

Although Plaintiff's motions may not have been filed in bad faith, the content of the motions is almost wholly irrelevant to her underlying claims. In the three motions discussed above, Plaintiff accuses Defendant of attempted murder, among other serious criminal acts. One of the accusations relates to Defendant's actions toward an anonymous individual who does not appear to be relevant to this case. The other accusations relate to the Plaintiff, but it is unclear how they relate to the litigation at issue because Plaintiff's primary claims in this case are torts related to her business relationship with the Defendant. Moreover, even Plaintiff's claims for defamation and intentional infliction of emotional distress do not allege the facts that she asserts in the Motion for Personal Protective Order, Motion to Freeze Assets, and Motion for Writ Ne Exeat. Thus, not only do the allegations in the motion "have no possible bearing on the subject matter of the litigation," but they "unnecessarily reflect[] on the moral character" of the Defendant. *Rosendahl*, 2011 WL 4914948 at *9; *Pigford*, 215 F.R.D. at 4. Plaintiff may not use the judicial process to levy unsupported allegations against Defendant, especially when the allegations have no bearing on the outcome of this case. Although the Motion to Strike does not fall squarely within Rule 12(f), Rule 11, or Local Rule 7.2(m), Plaintiff's motions are stricken pursuant to the Court's inherent authority to manage its docket and craft sanctions sufficient to address abuse of the judicial process.

Defendant's Motion to Strike is denied as to Plaintiff's Motion for Joinder, however. As noted above, none of the rules Defendant relies on are proper grounds to strike the motion. Plaintiff's motion lists five named parties and eight unknown parties that she

requests the Court to add to the action. Federal Rule of Civil Procedure 21 authorizes the Court to add or drop a party "[o]n motion or on its own," and Federal Rules of Civil Procedure 19 and 20 address the requirements for required or permissive joinder. Thus, in light of the policy that "we continue to construe *pro se* filings liberally," the Court cannot say that the motion is "not authorized by any law," as Defendant claims. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); (Doc. 31 at 9). Additionally, unlike the above motions, the Motion for Joinder does not contain unfounded or irrelevant allegations against Defendant that could amount to an abuse of the judicial process. To whatever extent Defendant challenges the merits of the Motion for Joinder, he may do so in a response.

### B. Request for Attorneys' Fees

Defendant's request for attorneys' fees is denied because it is not clear that Plaintiff's motions were filed unreasonably and vexatiously or with the purpose of harassment. If a party "unreasonably and vexatiously" multiplies proceedings in a case, he or she may be required to personally satisfy excess costs or attorneys' fees. 28 U.S.C. § 1927. Here, although the motions do not succeed on the merits and seek improper remedies from the Court, the "pro se filings . . . are held to less stringent standards than formal pleadings drafted by lawyers." *Qazi*, 975 F.3d at 992-93. Thus, although her motions are largely meritless, the Court "cannot say that [P]laintiff filed the [motions] in bad faith." *Brown v. Adidas Int.*, 938 F. Supp. 628, 636 (S.D. Cal. 1996) (declining to award attorney's fees even though pro se Plaintiff's complaint "suffer[ed] . . . multiple infirmities" and failed to set forth any allegations supporting any causes of actions pleaded). At this time, the Court declines to award fees pursuant to § 1927. "However, the Court reminds both parties that [§] 1927, as well as Rule 11 of the Federal Rules, applies to all pleadings which may be filed in this case." *Brown*, 938 F. Supp. at 636. Should Plaintiff continue to file motions with little to no legal support, fees or costs pursuant to § 1927 may become appropriate.

### CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 31) is **GRANTED** in part and **DENIED** in part.  It is granted as to the Motion for Personal Protective Order (Doc. 25), Motion to Freeze Assets (Doc. 26), and Motion for Writ Ne Exeat (Doc. 27).  Those motions are thus **STRICKEN** from the record.  The Motion to Strike is **DENIED** as to the Motion for Joinder (Doc. 24).

**IT IS FURTHERED ORDERED** that Defendant shall have 14 days from the entry of this Order to respond to the Motion for Joinder (Doc. 24).

Dated this 8th day of December, 2022.

_____
G. Murray Snow
Chief United States District Judge