**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirmala Arimilli, | No. CV-21-00345-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Keith Rezendes, | |
| Defendant. | |

Before the Court is Keith Rezendes's ("Defendant") Motion to Dismiss Fourth Amended Complaint (Doc. 29).  Also pending is Nirmala Arimilli's ("Plaintiff") Motion for Joinder of Additional Parties (Doc. 24).  For the following reasons, the motion to dismiss is granted in part and denied in part, and the motion for joinder is denied.

## BACKGROUND

Plaintiff formed a relationship with Defendant between 1999 and 2000.  In March 2017, Plaintiff visited Defendant, and was introduced to his purported wife, Ms. Rosen.  During the visit, Defendant allegedly asked Plaintiff to invest in his company, Avidbrain Inc., claiming that she was eligible to invest in his company due to a change in the investment laws.  Defendant also offered Plaintiff a job, which she accepted.  By April 2017, Plaintiff had allegedly invested $125,000 in Defendant's company.

While employed by Defendant, Plaintiff noticed "discrepancies in relation to [the] overall success of the company."  (Doc. 23 at 3.)  Plaintiff alleges that, due to her "years

1  long trust in [Defendant]," she believed Defendant when he denied any wrongdoing.  (Doc.

2  23 at 4.)  After receiving further information that "affirmed [her] doubts and concerns about

3  the company," Plaintiff confronted Defendant and was subjected to a "torrent of vitriol and

4  verbal abuse."  (Doc. 23 at 4.)  Plaintiff's last communication with Defendant was in

5  November 2017.

6  Plaintiff filed suit in Maricopa County Superior Court in October 2020.  She

7  amended her complaint twice in state court.  Defendant then removed the case to this Court

8  in February 2021, and subsequently moved to dismiss the complaint pursuant to Federal

9  Rule of Civil Procedure 12(b)(6).  The Court granted in part and denied in part Defendant's

10  motion, giving Plaintiff leave to amend her complaint.  (Doc. 14.)  Plaintiff amended her

11  complaint, and Defendant moved to dismiss the Third Amended Complaint, which the

12  Court, again, granted in part and denied in part, giving Plaintiff leave to amend.  (Doc. 22.)

13  Plaintiff then filed her Fourth Amended Complaint ("FAC"), which Defendant's instant

14  motion moves to dismiss under Rule 12(b)(6).

**DISCUSSION**

15

16  **I.  Motion to Dismiss**

17  **A.  Legal Standard**

18  **1.  Notice Pleading Requirements**

19  Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and

20  plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

21  8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds

22  upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive

23  dismissal for failure to state a claim, a plaintiff's factual allegations in the complaint

24  "must . . . suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp!*

25  *Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  Factual allegations in the complaint are accepted

26  as true, and the pleading is construed "in the light most favorable to the nonmoving party."

27  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But

28  "allegations in a complaint . . . may not simply recite the elements of a cause of action

[and] must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135. Further, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints must be liberally construed and afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## 2. Fraud Pleading Requirements

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy the particularity of circumstances, statements of time, place, and nature of the alleged fraudulent activities are sufficient, while mere conclusory allegations of fraud are not." *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1028 (D. Ariz. 2003). In addition to setting out the "who, what, when, where, and how" of the misconduct, *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997), a plaintiff must "set forth what is false or misleading" about a particular statement, "and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds as recognized in Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020)).

## B. Analysis

### 1. Fraudulent Misrepresentation (Count 1), Fraudulent Inducement (Count 3), and Fraudulent Concealment (Count 5)

The Court previously preserved Plaintiff's claims for fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment to the extent the claims were based on Defendant's representation that "all company filings were accurate." (Doc. 14 at 7.) These

fraud claims are governed by Federal Rule of Civil Procedure 9, requiring a heightened pleading standard.  Fed. R. Civ. P. 9(b).  To prevail on a common law fraud claim, Plaintiff must show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. Ct. App. 1978).

In Plaintiff's FAC, she reiterates her fraud claims, adding several new alleged fraudulent statements.  While Plaintiff states that she believes all of the additional statements to be false, she fails to plead the requisite elements for fraud.  For example, for all of the newly added allegations, she fails to plead that she relied on the representations to her detriment and how the reliance on each statement was justified.  Instead, she alleges, as with previous versions of the complaint, "Plaintiff justifiably relied on Defendant's representations with respect to good-standing nature of the company, and himself along with the promise to refund all funds provided upon the request."  (Doc. 23 at 10.)  This statement addresses her previously preserved fraud claims based on Defendant's representations that the company's filings were accurate.  It does not, however, address new claims such as the alleged misrepresentation as to Defendant's marital status or his educational background.  Plaintiff has not met the pleading standard for the new grounds she raises for the fraud claims; they are therefore only preserved to the extent that the Court's previous orders have preserved them.  (*See* Doc. 14 at 7; Doc. 22 at 9-10.)

### 2. Gross Negligence (Count 2)

The Court previously dismissed Plaintiff's claim for gross negligence because Plaintiff did "not allege that Defendant knew or had reason to know that his conduct would create an unreasonable risk of bodily harm." (Doc. 14 at 8.)  It also clarified that financial

harm, rather than "an unreasonable risk of bodily harm," is insufficient to support a gross negligence claim. *Walls v. Ariz. Dep't of Pub. Safety*, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991); (Doc. 22 at 5).   Additionally, the Court previously held that "[e]ven though emotional distress may cause bodily harm, emotional distress itself is not a form of bodily harm under Arizona law." (*Id.*)

In Plaintiff's FAC, she explains that she suffered "emotional distress that has manifested itself physically (extreme weight gain, graying of hair, health issues, etc.)." (Doc. 23 at 12.) Even accepting these statements as true, they do not show that Defendant's conduct created an "unreasonable risk of bodily harm to others . . . [and] a high probability that substantial harm will result." *Walls*, 826 P.2d at 1221.  The negligent acts that Plaintiff alleges Defendant committed are "fail[ing] to issue a complete investor contract along with other documentation," knowingly falsifying revenue, misrepresenting his ability to procure and maintain relationships with investors, failing to disclose bankruptcy, and covering up the aforementioned actions.  (Doc. 23 at 11.)  None of these actions are sufficient to create an unreasonable risk of bodily harm to others and a high probability that substantial harm will result.  A gross negligence claim requires more wanton conduct that gives rise to more substantial harm than the harms alleged here.  As the Plaintiff has been afforded multiple opportunities to plead additional facts relating to this claim, it appears amendment would be futile.  As such, the claim is dismissed with prejudice.

### 3.  Breach of Fiduciary Duty (Count 6)

Plaintiff's breach of fiduciary duty claim is dismissed because she does not properly allege the existence of a fiduciary duty.  In her FAC, Plaintiff added that a fiduciary duty existed because of "the newly established employer-employee and investment holder/manager-investor relationship with the Plaintiff." (Doc. 23 at 20.)  In Arizona, an employee owes her employer a fiduciary duty.  *McCallister Co. v. Kastella*, 825 P.2d 980, 982 (Ariz. Ct. App. 1992).   An employer, however, does not owe his employee such a fiduciary duty.  Plaintiff's claim cannot be brought on these grounds.

As for the investment holder/manager-investor relationship, it is unclear that such a relationship existed or established a fiduciary duty. "In Arizona a director of a corporation owes a fiduciary duty to the corporation and its stockholders." *Atkinson v. Marquart*, 541 P.2d 556, 558 (Ariz. 1975). Plaintiff does not establish that such a legal relationship existed in this case. In fact, earlier in the FAC, Plaintiff alleges that she believed she was not a qualified investor when she gave Defendant the money. (Doc. 23 at 3.) The nature of the relationship thus remains unclear, and Plaintiff has not pleaded sufficient facts to show that a fiduciary duty existed. As such, this claim is dismissed with leave to amend.

### 4. Conversion (Count 7)

The Plaintiff's conversion claim is dismissed because she does not establish that the funds can be "identified or segregated" and has not shown "an obligation to treat [them] in a specific manner." *Autoville, Inc. v. Friedman*, 510 P.2d 400, 402 (1973). In the FAC, Plaintiff specifically identifies four payments she made to Defendant that she alleges were converted. Generally, money is not subject to being converted unless it "can be described, identified or segregated, and an obligation to treat it in a specific manner is established." *Autoville*, 510 P.2d at 402. These transfers of funds cannot support a conversion action because funds in a bank account are "no longer segregable." *Bradley v. Martin*, No. 1 CA-CV 07-0025, 2007 WL 5463560, at *4 (Ariz. Ct. App. Nov. 13, 2007). Additionally, once the funds are deposited in a bank, "the right to immediate possession belong[s] to the bank holding the funds." *Id.* Thus, "when the alleged conversion took place, the party with immediate right of possession of the funds was neither Plaintiff nor Defendant." *Id.* "This is so because the chattel in question consisted exclusively of unsegregated money that was deposited into a bank account." *Id.* Here, when Plaintiff completed the wire transfers to Defendant's bank account, the bank had the immediate right of possession to the funds. Because Plaintiff alleges that the conversion took place sometime thereafter in the form of misuse of the funds, Plaintiff was not the party with the immediate right of possession. Therefore, she may only recover these funds as damages for other causes of action. As it appears amendment to this claim would be futile, it is dismissed with prejudice.

### 5.   Misappropriation and Embezzlement (Count 8), Security and Stock Fraud (Count 11), Identity Theft (Count 14), and Wage Theft (Count 15)

The Court previously dismissed Plaintiff's claims for Misappropriation and Embezzlement, Security and Stock Fraud, Identity Theft, and Wage Theft because she did not establish a legal basis for bringing the claims.  In her FAC, Plaintiff attempts to clarify the legal basis for each claim.

*Misappropriation and Embezzlement (Count 8)*: Plaintiff fails to establish a legal basis for this claim.  As Plaintiff has amended her complaint, it appears she equates "misappropriation" with "embezzlement."  Under Arizona law, however, embezzlement is not an independent criminal offense; it is merged with the crime of theft.  *State v. Tramble*, 695 P.2d 737, 741 (Ariz. 1985).  As noted in the Court's most recent order, theft is not a civil cause of action.  *See* Ariz. Rev. Stat. § 13-1802; (Doc. 22 at 14).  Plaintiff cannot plead any set of facts that would establish civil liability for embezzlement.  The claim is thus dismissed with prejudice.

*Security and Stock Fraud (Count 11)*: Plaintiff asserts a claim under the Securities Act of 1933.  The Act imposes civil liability in two circumstances.  First, § 12(a)(1) imposes liability on any person who offers or sells a non-exempt security without registering it.  15 U.S.C. § 77l; 15 U.S.C. § 77e.  Second, § 12(a)(2) imposes liability on a person who offers or sells a security "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary."  15 U.S.C. § 77l(a)(2).  It is not clear under which provision Plaintiff brings her claim.  Nevertheless, at least some of the claim sounds in fraud.  When a § 12(a)(2) claim is "grounded in fraud rather than negligence, Rule 9(b) applies."

First, it is not clear what "security" was purchased, offered, or sold under the Act.  Plaintiff refers generally to her "investment" in the company and alleges that Defendant promised her "common stock options."  (Doc. 23 at 27.)  Even if the alleged common stock options were sufficient to demonstrate that Defendant offered a security under § 12(a)(2),

1  however, Plaintiff fails to meet the heightened pleading standard for fraud.  She asserts that

2  Defendant "stated that securities laws had changed allowing unaccredited investors to

3  invest." (Doc. 23 at 26.)  She does not, however explain "what is false or misleading about

4  [the] statement, and why it is false." *Vess*, 317 F.3d at 1106.  To rely on this statement

5  under "Rule 9(b), a plaintiff must allege the manner in which a defendant knowingly

6  departed from the truth." *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 289 (3d Cir.

7  1992).  As pleaded, it is unclear whether Defendant's alleged statement about the "change

8  in law" is the basis for the Securities Act claim, whether the statement was untrue, and if

9  so, why it was untrue.

10  If Plaintiff seeks to bring her claim exclusively under § 12(a)(1) it similarly fails

11  because she does not plead facts that allege (1) Defendant sold a security, and (2) there was

12  no registration statement in effect as to the security. *See* 15 U.S.C. § 77e(a)(1).  Plaintiff's

13  statement that "Defendant was in violation of the Securities Act of 1933, having not

14  qualified nor filed an exemption," does not sufficiently plead the requisite elements.  As

15  such, the claim is dismissed with leave to amend.

16  *Identity Theft (Count 14)*: Plaintiff alleges the Identity Theft claim arises under the

17  Identity Theft and Assumption Deterrence Act.  This Act does not set forth a private civil

18  cause of action. *See* 18 U.S.C. § 1028.  Because the legal authority on which Plaintiff bases

19  her claim does not provide a private civil right of action, this claim is dismissed with

20  prejudice.

21  *Wage Theft (Count 15)*: Plaintiff's "wage theft" claim was previously dismissed

22  because she did not provide a proper legal basis on which to bring the claim.  Plaintiff has

23  not amended her wage theft claim.  To the extent Plaintiff seeks to bring a claim resembling

24  a criminal theft claim, she is precluded from doing so because it is not a civil cause of

25  action.  Because there are no grounds for such a claim, the wage theft claim is dismissed

26  with prejudice.

27  **6.  Constructive Fraud (Count 9)**

28  Plaintiff's claim for constructive fraud was dismissed in both of the Court's previous

1  orders because it was based on misrepresentations that are not sufficiently particular.  (Doc.

2  14 at 7; Doc. 22 at 6.)  Plaintiff's amendments to her constructive fraud claim still fail to

3  meet the heightened pleading standard for fraud claims under Rule 9.  Plaintiff adds several

4  new alleged fraudulent statements, but the increase in quantity of statements does not

5  overcome the deficiency in quality.  In other words, she does not establish the "who, what,

6  when, where, and how" of the fraudulent statements.  *Cooper*, 137 F.3d at 627 (9th Cir.

7  1997).  Identifying that many fraudulent statements may have been made to unknown

8  individuals at unknown dates falls short of the heightened pleading standard for fraud.  She

9  also does not demonstrate how the statements are false or how she justifiably relied on

10  them.  As such, the claim is dismissed with leave to amend.

### 7.  Alter Ego (Count 10)

12  Plaintiff's alter ego claim is dismissed because it fails to state a claim for which

13  relief can be granted.  Under Arizona law, an alter ego claim "is not itself a cause of action,"

14  but rather a tool by which to ascribe liability to an individual or entity for the actions of a

15  separate corporate entity.  *Specialty Cos. Grp., LLC v. Meritage Homes of Ariz., Inc.*, 492

16  P.3d 308, 210 (Ariz. 2021); *Airbus DS Optronics GmbH v. Nivisys LLC*, 183 F. Supp. 3d

17  986, 990 (D. Ariz. 2016) ("Arizona does not recognize piercing the corporate veil or alter

18  ego as an independent cause of action.").  Plaintiff has not asserted claims against any

19  corporate entities; her FAC names only an individual defendant, Keith Rezendes.  Thus,

20  she cannot adequately meet the elements of an alter ego claim and the claim is dismissed

21  with leave to amend.[1]

### 8.  Theft (Count 18) and Breach of Implied Covenant of Good Faith and Fair Dealing (Count 23)

24  Plaintiff's claims for theft and breach of implied covenant of good faith and fair

25  dealing were previously dismissed with prejudice, so she is unable to raise these claims in

26  her FAC.  (Doc. 22 at 8, 14.)  Defendant's motion to dismiss is granted as to these claims.

---

[1] Plaintiff filed her Motion for Joinder of Additional Parties (Doc. 24) immediately after her FAC.  She presumably seeks to add certain defendants to her complaint so that she may bring this claim.  That motion is addressed in greater detail below.

### 9.  Defamation (Count 21)

To state a claim for defamation under Arizona law, a plaintiff must show that the defendant (1) made a false statement, (2) published it to a third party, and (3) either knew the statement was false, or acted negligently or recklessly in disregard of the truth.  *Peagler v. Phoenix Newspapers, Inc.*, 560 P.2d 1216, 1222 (1977); *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1061 (D. Ariz. 2012).  Under the Federal Rules of Civil Procedure, a "plaintiff cannot plead a defamation claim by simply alleging that defamatory or libelous statements were made."  *Stoyanof v. Crocodiles Not Waterlilies, L.L.C.*, No. 11-00384 HWG, 2011 WL 13232088, at *5 (D. Ariz. June 23, 2011).  The statement must also "bring the defamed person into disrepute, contempt, or ridicule, or must impeach the plaintiff's honesty, integrity, virtue, or reputation."  *Turner v. Devlin*, 848 P.2d 286, 288-89 (1993). "The court determines as a matter of law whether a communication is capable of bearing a particular meaning and, if so, whether that meaning is defamatory."  *Reynolds v. Reynolds*, 294 P.3d 151, 155 (Ariz. Ct. App. 2013).  While defamatory statements need not be set forth verbatim in the complaint, they must be "specifically identified, such that the defendant may adequately defend itself."  *Ultimate Creations, Inc. v. McMahon*, No. CV-06-0535, 2007 WL 9735048, at *2 (D. Ariz. Feb. 5, 2007) (internal quotations omitted).

Plaintiff's FAC fails to adequately state a claim for defamation.  The Court previously dismissed this claim because Plaintiff made only "generalized allegations regarding [Defendant's] alleged defamatory statements."  *Stoyanof*, 2011 WL 13232088, at *5.  In the amended complaint, Plaintiff identifies statements that Defendant made about Plaintiff on various occasions.  She alleges that Defendant (1) told a staff member that Plaintiff was working on personal projects and wasting company funds; (2) told a contractor that Plaintiff was not an employee of the company; (3) told future employees that Plaintiff left the company on good terms when she did not; (4) told an employee that Plaintiff had no grounds to terminate that employee when Defendant in fact instructed her to do so; and (5) told a potential employee that Plaintiff was mentally unstable.

At least some of the allegedly false statements are likely capable of bearing a defamatory meaning, including statements regarding the termination of an employee, Plaintiff's mental stability, and Plaintiff's wasting company funds because they bear on Plaintiff's integrity or reputation.  However, Plaintiff still fails to demonstrate with the requisite specificity when these statements were made and to whom.  She uses general identifiers such as "future employees," "an employee," or "a potential employee." (Doc. 23 at 35-36.)   These identifiers do not "specifically identify" the defamatory statements such that the Defendant "may adequately defend itself."  *Ultimate Creations*, 2007 WL 9735048, at *2.   Instead, they leave open the possibility that the alleged statements could have been made to any number of people on any number of occasions. Thus, she fails to meet the basic pleading requirement for defamation claims.  The claim is dismissed with leave to amend.

### 10.   Intrusion Upon Seclusion (Count 22)

Arizona follows the Restatement (Second) of Torts for claims of intrusion upon seclusion.  *Hart v. Seven Resorts, Inc.*, 947 P.2d 846, 853 (Ariz. Ct. App. 1997).  According to the Restatement, "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."  Restatement (Second) of Torts § 652B.  Plaintiff bases this claim on the allegation that "Defendant and an employee . . . intentionally hacked into the Plaintiff's personal email accounts and possibly the Plaintiff's cloud account."  (Doc. 23 at 36.)  The Court previously dismissed Plaintiff's intrusion upon seclusion claim because it offered no detail about "when this intrusion took place, how Plaintiff became aware of it, or why she believes an intrusion happened in the first place."  (Doc. 22 at 15.)

In amending her complaint, Plaintiff explains that she believed her email was hacked because she noticed "oddities in engagements in her email accounts."  (Doc. 23 at 36.)  She further alleges "Defendant acknowledged that Mr. Holdiman was in fact hacking her emails and stated that it was a negligible offense and would not be taking action on it."

(Doc. 23 at 36.)  Although Plaintiff states she has further factual details regarding this claim she refrains "from disclosing it at this time for the sake of the integrity of the case, along with the privacy of private individuals, public figures and government officials."  (Doc. 23 at 37.)

The additional factual allegations in the FAC are still insufficient.  The intrusion upon seclusion claim requires that a person intentionally intrude upon the seclusion of another.  At most, Plaintiff's factual allegations establish that Defendant was aware that another employee hacked her emails.  She offers no facts to support the allegation that Defendant himself hacked the emails.  To the extent she seeks to hold Defendant liable for the acts of Mr. Holdiman, she does not establish the elements for vicarious liability.  As such, this claim is dismissed with leave to amend.

### 11. Civil Conspiracy (Count 24)

To state a claim for civil conspiracy in Arizona, a plaintiff must allege that (1) two or more persons, (2) agreed to accomplish either (3) an unlawful purpose, or (4) a lawful objective by unlawful means.  *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. Ct. App. 1998).  Civil conspiracy is a derivative tort that requires underlying tortious conduct for liability to attach.  *Id.*; *see also Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966).  However, "not all members of a conspiracy need to be named defendants for one member to be found liable."  *Rowland*, 757 P.2d at 110.

In this case, Plaintiff alleges that Defendant conspired with Ms. Rosen to defraud Plaintiff by obtaining an investment from her under false pretenses.  (Doc. 23 at 38.)  To the extent Plaintiff bases the conspiracy claim on Defendant's alleged misrepresentations about him and Ms. Rosen's marriage, as discussed above, these allegations are insufficient to state a claim for fraud under Rule 9(b).  Plaintiff also alleges that Ms. Rosen "was the individual who connected [Defendant] to primarily wealthy individuals . . . to acquire investors."  (Doc. 23 at 38.)  However, she has not properly alleged fraud on these facts either.  Thus, because she has not alleged an underlying claim for the civil conspiracy claim, the claim is dismissed with leave to amend.

- 12 -

### C. Leave to Amend

When a court grants a Rule 12(b)(6) motion to dismiss, but a defective complaint can be cured, a plaintiff is ordinarily entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires."). Rule 15's policy favoring amendment "should be applied with extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), especially when a plaintiff is pro se. *Lopez*, 203 F.3d at 1130-31. Leave to amend should be withheld, however, if "amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Because amendment would be futile as to Plaintiff's claims for gross negligence, conversion, misappropriation and embezzlement, identity theft, wage theft, theft, and breach of implied covenant of good faith and fair dealing, those claims are dismissed with prejudice.  As to the remaining dismissed claims, Plaintiff is granted leave to amend her complaint in a manner consistent with this Order.  The Court has repeatedly outlined the factual deficiencies in Plaintiff's complaint for these claims. To the extent Plaintiff does not have any supplemental facts to cure these deficiencies, even on claims for which the Court has granted leave to amend, Plaintiff should not include the claims in her Fifth Amended Complaint.  Lastly, because allowing amendments beyond a Fifth Amended Complaint will create an undue delay in litigation, it will be the last amended complaint that the Court will grant Plaintiff leave to file.

### D. Attorneys' Fees

Defendant's request for attorneys' fees is denied because it is not clear that the previously dismissed claims were filed unreasonably and vexatiously or with the purpose of harassment.  If a party "unreasonably and vexatiously" multiplies proceedings in a case, he or she may be required to personally satisfy excess costs or attorneys' fees.  28 U.S.C. § 1927.  Defendant requests attorneys' fees and costs associated with responding to two claims that the Court dismissed with prejudice.  (Doc. 29 at 3.)  Plaintiff's inclusion of

1 | either of these claims does not appear to have either unreasonably or vexatiously multiplied
2 | the proceedings in the case. Although the inclusion of the previously dismissed claims was
3 | futile, the Court "cannot say that [P]laintiff filed the [claims] in bad faith." *Brown v. Adidas*
4 | *Int.*, 938 F. Supp. 628, 636 (S.D. Cal. 1996) (declining to award attorney's fees even though
5 | pro se Plaintiff's complaint "suffer[ed] . . . multiple infirmities" and failed to set forth any
6 | allegations supporting any causes of actions pleaded). At this time, the Court declines to
7 | award fees pursuant to § 1927. "However, the Court reminds both parties that [§] 1927, as
8 | well as Rule 11 of the Federal Rules, applies to all pleadings which may be filed in this
9 | case." *Brown*, 938 F. Supp. at 636. To dismiss a claim with prejudice means that the Court
10 | has issued its final ruling on that claim, and that the claim cannot be re-asserted. Should
11 | Plaintiff continue to re-assert claims that were dismissed with prejudice, fees or costs
12 | pursuant to § 1927 may become appropriate.

### II.    Motion for Joinder (Doc. 24)

After filing her FAC, Plaintiff filed a motion for joinder, asking the Court to add several Defendants to the action. The Court itself will not and cannot add Defendants to this action because the proper means to add a party is through amendment under Rule 15. However, pursuant to the motion to dismiss, the Court gives Plaintiff leave to amend in which she might seek to add additional defendants to the extent she can do so consistent with applicable law. The amended claims against any new Defendants must also comply with this Order and the Court's previous orders. The Motion for Joinder is denied as moot.

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 29) is **GRANTED** in part and **DENIED** in part, as follows:

Counts 2, 7, 8, 14, 15, 18, and 23 are dismissed with prejudice. Plaintiff may not raise these claims in a future complaint.

Counts 6, 11, 9, 10, 21, 22, and 24 are dismissed with leave to amend.

Counts 1, 3, and 5 remain as limited by this order.

Counts 4, 12, 13, 16, 17, 19, 20, and 25 remain as pled.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend her complaint in a manner consistent with this Order.  Plaintiff will have **twenty-one days** from the date of this order to file a Fifth Amended Complaint.  Plaintiff will not be permitted to file further amendments.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Joinder of Additional Parties (Doc. 24) is **DENIED**.

Dated this 31st day of March, 2023.

G. Murray Snow
Chief United States District Judge