**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirmala Arimilli, | No. CV-21-00345-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Keith Rezendes, | |
| Defendant. | |

Before the Court is Nirmala Arimilli's ("Plaintiff") Motion for Reconsideration, Hearing, and Extension of Time (Doc. 41). For the following reasons, the Motion for Reconsideration and Motion for Hearing are denied. The Motion for Extension of Time is granted.

Pursuant to Local Rule 7.2(g), "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Plaintiff asks the Court to reconsider its Order denying her conversion claim for failure to state a claim upon which relief can be granted. She does not allege that new facts or legal authority that were previously undiscoverable have come to light. Thus, the Court reviews its denial of the claim for manifest error.

At the outset, Plaintiff raises several concerns with one of the cases the Court cited in dismissing the conversion claim, *Bradley v. Martin*. Plaintiff states that she has been

unable to access the case but argues that its premise is incorrect, using only California and Illinois cases. Therefore, Plaintiff does not demonstrate manifest error in the dismissal of the conversion claim. The Court provides additional authorities for its reasoning below.

The core of a conversion claim is "the wrongful interference with another's ownership or right of possession." *Autoville, Inc. v. Friedman*, 510 P.2d 400, 402 (Ariz. 1973). In *Autoville*, the Plaintiff agreed to finance several cars that Defendant would sell and provide Plaintiff with the proceeds. *Id.* at 402. Plaintiff was not provided with the proceeds for several of the transactions, and Defendant liquidated its assets and paid stockholders the proceeds. Nevertheless, Plaintiff did not have a conversion claim as to the proceeds because he could not show an ownership or possessory interest in the proceeds of the sale of the various vehicles he financed. Thus, his remedy was for breach of contract, "not for conversion." *Id.* at 404. In this case, Plaintiff similarly cannot establish that she had "any ownership or possessory interest" in the funds. *Id.* at 404. Plaintiff voluntarily transferred funds to Defendant. Although she asserts that Defendant misused the funds she loaned him, that does not establish that Plaintiff had an immediate right to possession of the money. Thus, her remedy, if she has one, is in the action for the misuse of funds or the improper acquisition of the funds, not for conversion.

Additionally, Plaintiff does not establish an obligation to treat the funds in a specific manner, as required in Arizona. *Autoville*, 510 P.2d at 402. In other words, Plaintiff does not explain why the money she gave to Defendant is not "a debt that could be paid by money generally." *Case Corp. v. Gehrke*, 91 P.3d 362, 367 (Ariz. Ct. App. 2004). In *Autoville*, "the Arizona Court of Appeals found that the plaintiff did not have an ownership interest in the proceeds of the sale of cars when the car dealership could discharge this debt to plaintiff 'from a source other than the sales proceeds.'" *Hannibal-Fisher v. Grand Canyon Univ.*, 523 F. Supp. 3d 1087, 1099 (D. Ariz. 2021) (citing *Autoville*, 510 P.2d at 400). So, too, here; Plaintiff has not demonstrated that her harm (the misuse of the funds she transferred to Defendant) cannot be remedied by payment from the Defendant generally. Thus, as the Court noted in its order (Doc. 40), she may only recover these funds

in damages for her other causes of action. *Cf. Kenneth Eisen & Assocs. v. CoxCom, Inc.*, No. CV-18-02120, 2019 WL 669770, at *3-4 (D. Ariz. Feb. 19, 2019) (finding that in Arizona, a conversion claim to recover money owed as the result of a contractual obligation is improper).

Lastly, Plaintiff's request for oral argument or a hearing is denied because she has had an adequate opportunity to discuss the law and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, Hearing, and Extension of Time (Doc. 41) is **GRANTED** in part and **DENIED** in part. The Motion for Reconsideration is **denied**. The conversion claim (Count 7) remains dismissed with prejudice (Doc. 40). The Motion for Hearing is **denied**. The Motion for Extension of Time is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen days** from the entry of this Order to file her Fifth Amended Complaint.

Dated this 28th day of April, 2023.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge