**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirmala Arimilli, | No. CV-21-00345-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Keith Rezendes, et al., | |
| Defendants. | |

Four motions are pending before the Court: (1) Defendant Keith Rezendes's Motion to Dismiss Plaintiff's Sixth Amended Complaint (Doc. 62), which Defendants Raechel Rosen, Avidbrain, Inc., and Tutor Node, Inc. join in full (Doc. 64) and which Defendant David Glaeseman joins for all claims alleged against him (Doc. 77); (2) Defendant Glaeseman's Motion to Dismiss (Doc. 76); (3) Defendant Dustin Holdiman's Motion to Dismiss (Doc. 82); and (4) Plaintiff Nirmala Arimilli's Motion for Sanctions (Doc. 93). The Court addresses the Motions below.

## BACKGROUND

Plaintiff Nirmala Arimilli ("Arimilli") met Defendant Kieth Rezendes ("Rezendes") in 2000. (Doc. 59 at 4). In February 2017, Rezendes asked Arimilli to invest in Rezendes's tutoring company, Defendant AvidBrain Inc., doing business as MindSpree, Inc. ("AvidBrain"). (*Id*. at 5). In March 2017, Arimilli visited Rezendes in Arizona and was introduced to Rezendes's purported wife, Defendant Raechel Rosen ("Rosen"). (*Id*.). During the visit, Rezendes provided Arimilli with an investment contract and claimed that

Arimilli was eligible to invest in his company due to a change in investment laws.  (*Id*. at 6).  Rezendes also told Arimilli that the company was approved to begin obtaining funding from investors via a start-up funding and investing platform that requires approved government documents regarding investments, finances, and operations. (*Id*.).  By April 2017, Plaintiff had allegedly invested $125,000 in Rezendes's company and accepted a job with Rezendes.  (*Id*. at 7).

While employed by Rezendes, Arimilli noticed "discrepancies in relation to [the] overall success of the company and general operations."  (Doc. 59 at 7).  Plaintiff alleges that, due to her "years long trust in [] Rezendes," she believed Rezendes when he denied any wrongdoing.  (*Id*. at 8).  After receiving further information that "affirmed [her] doubts and concerns about the company," Arimilli confronted Rezendes and was "subjected to a torrent of vitriol and verbal abuse."  (*Id*. at 9-10).  Plaintiff's last communication with Rezendes was in November 2017.  (*Id*. at 10).

Arimilli initially filed suit against Rezendes in Maricopa County Superior Court in October 2020.  She amended her complaint twice in state court.  Rezendes then removed the case to this Court in February 2021, (Doc. 1 at 1-3), and subsequently moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 5).  The Court granted in part and denied in part Rezendes's motion, giving Arimilli leave to amend her complaint.  (Doc. 14).  Arimilli amended her complaint twice more, and Defendant Rezendes moved to dismiss both the Third Amended Complaint (Doc. 22) and the Fourth Amended Complaint (Doc. 40), which the Court granted in part and denied in part, both times giving Arimilli leave to amend.  Arimilli then filed her Sixth Amended Complaint, which is the operative complaint in this case.  (Doc. 59).    Arimilli added several defendants: Rosen, Rezendes's purported wife; Dustin Holdiman ("Holdiman"), an alleged co-conspirator; David Glaeseman ("Glaeseman"), Rezendes's alleged business partner; AvidBrain, Rezendes's company that Arimilli invested in; TutorNode, Inc. ("TutorNode"), another one of Rezendes's companies; Chawl Tran ("Tran"), the attorney who allegedly helped incorporate and advise AvidBrain; and Acceleron Law Group ("Acceleron"), the

law firm Tran worked for.  This Court terminated Defendants Tran and Acceleron for Arimilli's failure to prosecute and failure to comply with this Court's Orders.  (Doc. 84). The remaining Defendants now move to dismiss the complaint.  (Docs. 62, 76, 82).

## DISCUSSION

### I.    Glaeseman's Motion to Dismiss (Doc. 76)

#### a.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss an action if the Plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim pursuant to 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  However, legal conclusions couched as factual allegations do not receive a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Even if the complaint has a cognizable legal claim, the factual content must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.").  Courts consider both allegations made in the complaint and exhibits attached to the complaint. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.4 (9th Cir. 2014).  Allegations in a pro se complaint

are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints must be liberally construed and afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### b. Application

Plaintiff Arimilli asserts the following claims against Defendant Glaeseman: fraudulent misrepresentations, fraudulent inducement, fraudulent concealment, breach of fiduciary duty, constructive fraud, alter ego, securities and stock fraud, quantum meruit, unjust enrichment, intentional infliction of emotional distress, aiding and abetting, and civil racketeering. (Doc. 59). Glaeseman moved to dismiss for failure to state a claim. (Doc. 76 at 7).

As to her to fraud claims (First, Second, Fourth, and Sixth Causes of Action), Arimilli makes no specific allegations and pleads no facts sufficient to support her claims. Arimilli admits that she has never directly interacted with Glaeseman but alleges that, because Glaeseman was listed as an officer of AvidBrain at the time the incidents occurred, "he holds a responsibility to all matters in relation to AvidBrain." (Doc. 59 at 21, 29, 42, 56). Arimilli also alleges that when she began investigating AvidBrain, Glaeseman removed himself as an officer and directed witnesses to cease communication with her. (*Id.* at 56). Finally, she asserts that Glaeseman never filed the required documents in accordance with Securities and Exchange Commission ("SEC") regulations to solicit and accept investments and issue stock. (*Id.* at 34). Even taking these assertions as true, Arimilli does not meet the Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements for fraud claims. *See Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988, 2019 WL 6219337, at *5 (D. Ariz. Nov. 21, 2019). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Here, Arimilli failed to make any specific allegations against Glaeseman, let alone allege he was employed by or involved with AvidBrain at the time of the events at issue.

- 4 -

As to Arimilli's Fifth Cause of Action for breach of fiduciary duty, Arimilli does not plead sufficient facts to show that a fiduciary duty existed. Although a fiduciary duty may continue even upon termination of the fiduciary relationship, *see Sports Imaging of Ariz., L.L.C. v. 1993 CKC Trust*, No. 1 CA-CV 05-0205, 2008 WL 4448063, at *23 (Ariz. Ct. App. Sept. 30, 2008), Arimilli does not establish that such a legal relationship existed. "In Arizona a director of a corporation owes a fiduciary duty to the corporation and its stockholders." *Atkinson v. Marquart*, 541 P.2d 556, 558 (Ariz. 1975). But Arimilli alleges that she believed she was not a qualified investor when she gave Defendant Rezendes the money. (Doc. 59 at 6). The nature of the relationship between Arimilli and Glaeseman thus remains unclear, and Arimilli has not pleaded sufficient facts to show that any fiduciary duty existed.

As to Arimilli's Seventh Cause of Action for alter ego, Eighth Cause of Action for security and stock fraud, Eleventh Cause of Action for quantum meruit, Twelfth Cause of Action for unjust enrichment, Thirteenth Cause of Action for intentional infliction of emotional distress, and Nineteenth Cause of Action for civil racketeering, Arimilli repeats the same general assertions – none of which are sufficient to support a claim. Arimilli added Glaeseman to the causes of action because Glaeseman was allegedly a co-owner and officer of AvidBrain, was allegedly in a position to benefit from the violative activity, and therefore holds responsibility for all matters related to AvidBrain. (*Id.* at 58, 67-68, 71-72, 88). Arimilli also asserts that Glaeseman did nothing to assist her, did not stop the fraudulent activity, and instead removed himself from company filings and advised witnesses to cease communication with her when she began investigating AvidBrain. (*Id.* at 57, 67, 71, 74, 88). "A complaint 'does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Doe v. Fed. Dist. Ct.*, 467 F.App'x 725, 727 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). As to the claims listed above, Arimilli fails to provide more than a bare assertion that Glaeseman unlawfully harmed her.

Finally, as to Arimilli's Seventeenth Cause of Action for aiding and abetting,

1   Arimilli similarly fails to state a cognizable legal claim.  *See Robertson*, 749 F.2d at 534.

2   "Claims of aiding and abetting tortious conduct require proof of three elements: (1) the

3   primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant

4   must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the

5   defendant must substantially assist or encourage the primary tortfeasor in the achievement

6   of the breach."  *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Loc.*

7   *No. 395 Pension Tr. Fund*, 38 P.3d 12, 23 (Ariz. 2002).   Arimilli asserts only that

8   Glaeseman was "aware of the fraud carried out in AvidBrain Inc by Defendant Rezendes

9   and by their actions substantially assisted in carrying out the frauds outlines in the causes

10  of actions cited." (Doc. 59 at 80).  These assertions comprise only "a formulaic recitation

11  of the elements."  *See Twombly*, 550 U.S. at 555.   Arimilli thus fails to provide factual

12  allegations sufficient to "raise a right to relief above the speculative level."  *See id.*

13       Thus, Glaeseman's Motion to Dismiss is granted as to all claims brought against

14  him.[1]

15  **II.    Holdiman's Motion to Dismiss (Doc. 82)**

16       **a.  Legal Standard**

17       Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss claims

18  against it for insufficient services of process.  Fed. R. Civ. P. 12(b)(5).  Plaintiffs bear the

19  burden of establishing that service was valid under Federal Rule of Civil Procedure 4.

20  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Rule 4(m) requires courts to extend

21  the prescribed time period for the service of a complaint "upon a showing of good cause

22  for the defective service" and gives courts "discretion to dismiss without prejudice or to

23  extend the time period" if no good cause is shown.  *In re Sheehan*, 253 F.3d 507, 512 (9th

24  Cir. 2001).  However, district courts have "the inherent power sua sponte to dismiss a case

25  for lack of prosecution."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  As

26

27  _____

[1] Although Glaeseman asserts Arimilli violated Federal Rule of Civil Procedure 11(b) and requests
attorney's fees, Arimilli's claims were not so frivolous that such a sanction is warranted.  *See*
28  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed
and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers.") (cleaned up) (internal quotations omitted).

dismissal is a "harsh penalty and is to be imposed only in extreme circumstances," courts are required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.*

### b. Application

Here, Arimilli did not properly serve her Sixth Amended Complaint (Doc. 59) upon Holdiman. The process server served Holdiman's mother at her residence. (Doc. 86 at 1). Arimilli admits that Holdiman's mother told the process server that Holdiman did not currently reside at the residence. (*Id.*). The process server still left the complaint at Holdiman's mother's house. (*Id.*). Holdiman contacted Arimilli the following day to inform her that he was currently living in Columbia. (*Id.*). Arimilli has provided no evidence to suggest she served or attempted to serve Holdiman at his residence in Columbia. *See Brockmeyer*, 383 F.3d 798 ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").

Arimilli is not permitted to file further amendments. (Doc. 40 at 15). Arimilli has had several opportunities to add Holdiman as a defendant to this lawsuit and has chosen not to do so. In her complaint, Arimilli admits that she has known of Holdiman since at least November 2017. (Doc. 59 at 10). She alleges that, after she accepted the job at AvidBrain, "Defendant Holdiman would send [h]undreds, and on some days thousands, of texts at all hours of the day and night." (*Id.* at 72). Arimilli also asserts that, after she began investigating AvidBrain, Holdiman "interfered with her ability to refill a medically required prescription." (*Id.* at 73). Public policy favors disposition of cases on their merits, and Arimilli has benefited from three orders on motions to dismiss three different versions of her complaint in which the Court reviewed her claims on the merits. (Docs. 14, 22, 40). In the interest of expeditiously resolving Arimilli's claims that are proceeding to discovery, and in the interest of managing this Court's docket, Arimilli's claims against Holdiman are dismissed with prejudice for insufficient service of process.

### III.    Rezendes's Motion to Dismiss (Doc. 62)

Rezendes moves to dismiss Plaintiff Arimilli's Sixth Amended Complaint. Defendants AvidBrain, Rosen, and TutorNode moved to join Rezendes's Motion to Dismiss.  (Doc. 63).  The Court will rule on the fully briefed Motion to Dismiss (Doc. 62).

### a.  Legal Standard

#### i.  Notice Pleading Requirements

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  To survive dismissal for failure to state a claim, a plaintiff's factual allegations in the complaint "must . . . suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  Factual allegations in the complaint are accepted as true, and the pleading is construed "in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*, 139 F.3d at 699.

#### ii.  Fraud Pleading Requirements

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "To satisfy the particularity of circumstances, statements of the time, place, and nature of the alleged fraudulent activities are sufficient, while mere conclusory allegations of fraud are not." *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1028 (D. Ariz. 2003).  In addition to setting out the "who, what, when, where, and how" of the misconduct, *Cooper*, 137 F.3d at 627, a plaintiff must "set forth what is false or misleading" about a particular statement, "and why it is false." *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec Litig.)*, 42 F.3d 1541, 1548

(9th Cir. 1994), *superseded by statute on other grounds as recognized in Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020)).

### b. Previously Dismissed Claims

#### i. Breach of Fiduciary Duty (Fifth Cause)

Arimilli's breach of fiduciary duty claim remains as pled.  Defendants Rezendes and AvidBrain assert Arimilli's claim must be dismissed because the statute of limitations has run.  (Doc. 62-1 at 7).  "The affirmative defense of statute of limitations may be raised by motion in Arizona if it appears from the face of the complaint that the claim is barred." *Dicenso v. Bryant Air Conditioning Co., a Div. of Carrier Corp.*, 643 P.2d 701, 702 (Ariz. 1982).  Pursuant to the discovery rule, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause."  *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998).  An injured person need not know all the facts underlying their cause of action for the statute of limitations to begin to run, but "the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002) (internal quotations and citation omitted).

Arimilli's claim for breach of fiduciary duty has a two-year statute of limitation. *Rindlisbacher v. Steinway & Sons Inc.*, 497 F.Supp.3d 479, 492 (D. Ariz. 2020) (citing *Coulter v. Grant Thornton, LLP*, 388 P.3d 834, 838 (Ariz. Ct. App. 2017)).  "A timely-filed claim is not rendered untimely when included in an amended complaint filed after the statute of limitations has passed."  *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018).  Here, Arimilli filed suit on October 26, 2020 and alleged breach of fiduciary duty in that initial complaint.  Plaintiff's interactions with Rezendes stopped in 2017, (Doc. 59 at 10), indicating that Arimilli was aware of some of the alleged misrepresentations at that point.  The Complaint does not make clear, however, when Arimilli uncovered the alleged utilization of funds for personal expenses, omissions, and additional misrepresentations.  (*Id*. at 43-44).  In fact, Arimilli continued to discover relevant information into 2021, when she received documentation to support her allegation

that Rezendes paid a personal loan out of funds Arimilli invested into AvidBrain.  (Doc. 43-12 at 1).[2]  Accordingly, Arimilli's breach of fiduciary duty claim is not time barred and remains as pled.

### ii.  Constructive Fraud (Sixth Cause)

Arimilli's claim for constructive fraud is dismissed as to all remaining defendants: Rezendes, Rosen, AvidBrain, and TutorNode.  "Under Arizona law, the elements of constructive fraud are (1) 'a fiduciary or confidential relationship,' (2) 'a breach of duty by the person in the confidential or fiduciary relationship,' and (3) 'that the person in breach induced justifiable reliance by the other to his detriment.'"  *Rindlisbacher*, 497 F.Supp.3d at 493 (quoting *Green v. Lisa Frank, Inc.*, 211 P.3d 16, 34 (Ariz. Ct. App. 2009)).

Arimilli's constructive fraud claims against Defendants Rosen, AvidBrain, and TutorNode fail, as Arimilli neither alleges she had a fiduciary nor confidential relationship with the defendants.  (Doc. 59 at 56).  As to Defendant Rezendes, Arimilli similarly fails to plead sufficient facts to show that a fiduciary or confidential relationship existed.  Arimilli makes the same assertions about her alleged fiduciary and confidential relationship with Rezendes in her Sixth Amended Complaint as in her Fourth Amended Complaint. (Doc. 23 at 23; Doc. 59 at 45) ("Rezendes, as the director . . . established a fiduciary duty to the Plaintiff upon the acceptance of the Plaintiff's investment into Avidbrain Inc in exchange for stock . . . Mr. Rezendes agreed to act as Plaintiff's agent for purposes of protecting and utilizing investment funds appropriately.  As such, a confidential relationship existed at all relevant times herein between Plaintiff and Mr. Rezendes").  For the same reasons this Court held that Arimilli failed to allege the existence of a fiduciary relationship in her Fourth Amended Complaint, Arimilli failed to allege a confidential or fiduciary relationship with Rezendes in the operative complaint.  As such, Arimilli's constructive fraud claim is dismissed.

### iii.  Alter Ego (Seventh Cause)

---

[2] This exhibit is not from the operative complaint (Doc. 59). However, the Court is considering it, as Plaintiff Arimilli forgot to attach the exhibits to her Sixth Amended Complaint, despite continuing to cite them.

Arimilli's alter ego claim against Defendants Rezendes and AvidBrain is dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Arizona law, an alter ego claim "is not itself a cause of action," but rather a tool by which to ascribe liability to an individual or entity for the actions of a separate corporate entity. *Specialty Cos. Grp., LLC v. Meritage Homes of Ariz., Inc*., 492 P.3d 308, 310 (Ariz. 2021); *see also Airbus DS Optronics GmbH v. Nivisys LLC*, 183 F. Supp. 3d 986, 990 (D. Ariz. 2016) ("Arizona does not recognize piercing the corporate veil or alter ego as an independent cause of action."). "To prevail on an alter-ego theory, Plaintiffs must show (1) unity of control (the formalities prong) and (2) that maintaining the corporate form would promote injustice (the fairness prong). *Farmers Ins. Co. of Ariz. v. DNS Auto Glass Shop LLC*, No. CV-21-01390, 2022 WL 845191, at *3 (D. Ariz. March. 22, 2022) (citing *Specialty Cos. Grp., LLC*, 492 P.3d at 310).

Here, Arimilli fails to state a claim upon which relief can be granted. She asserts that, "[s]ometime in mid 2017, based on information and belief, Defendant Rezendes became the alter ego of AvidBrain Inc dba MindSpree Inc." (Doc. 59 at 57). However, Arimilli pleads no facts that allow the Court to reasonably infer that Arimilli can demonstrate the formalities or fairness prong. *See Twombly*, 550 U.S. at 570. As such, Arimilli's alter ego claim is dismissed with prejudice.[3]

### iv.  Securities and Stock Fraud (Eighth Cause)

Arimilli's securities and stock fraud claims against Defendants Rezendes and AvidBrain are dismissed as to AvidBrain and remain as to Rezendes. Arimilli asserts her claim under the Securities Act of 1933. The Act imposes civil liability in two circumstances. First, § 12(a)(1) imposes liability on any person who offers or sells a non-exempt security without registering it. 15 U.S.C. § 77l; 15 U.S.C. § 77e. Second, § 12(a)(2) imposes liability on a person who offers or sells a security "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary." 15 U.S.C. § 77l(a)(2). To determine whether a

---

[3] In Response to Rezendes's Motion to Dismiss, Arimilli rescinded her alter ego claim. (Doc. 68 at 9).

transaction is an investment contract, and therefore a security, courts apply the three-element *Howey* test. *McCool v. Wilson*, No. EDCV 19-2499, 2020 WL 5044194, at *4-5 (C.D. Cal. July 9, 2020) (citing *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946); *see also Kingsley Cap. Mgmt., LLC v. Sly*, No. CV-10-02243, 2013 WL 3967615, at *5 (D. Ariz. Aug. 2, 2013). Under *Howey*, a transaction is an investment contract when there was "(1) an investment of money, (2) in a common enterprise, (3) with an expectation of profits produced by the efforts of others." *Hocking v. Dubois*, 885 F.2d 1449, 1455 (9th Cir. 1989).

Arimilli's claim fails as to Defendant AvidBrain. Arimilli asserts she added AvidBrain as a defendant to this claim because AvidBrain's company filings were in question and AvidBrain "was the conduit for fraud to occur." (Doc. 59 at 67). This is not sufficient grounds to state a claim for relief against AvidBrain.

As to Defendant Rezendes, Arimilli's securities and stock fraud claim may continue, in part. As was the case in her Fourth Amended Complaint, Arimilli fails to plead facts that allege there was no registration statement in effect as to the security. *See* 15 U.S.C. § 77e(a)(1); (*see also* Doc. 40 at 8). Instead, she states only that "Defendant Rezendes did not qualify for an exemption, per the fact Defendant Rezendes did not file for an exemption through the Securities and Exchange Commission." (Doc. 59 at 59). This assertion does not sufficiently plead the requisite elements for a § 12(a)(1) claim.

Arimilli does, however, sufficiently plead the elements of her claim under § 12(a)(2) and meet the heightened pleading standard for fraud. First, Arimilli sufficiently pleads that her transaction with Rezendes was an investment contract, and therefore a security, under the *Howey* test. *See Hocking*, 885 F.2d at 1455. Arimilli alleged that she invested $125,000 between March and April of 2017, (Doc. 59 at 7, 68), that the investment was in AvidBrain (*Id.*), and that it was made with the expectation of profits produced by the efforts and expertise of Rezendes (*Id.* at 66). Taking these assertions in the light most favorable to Arimilli, *see Smith*, 84 F.3d at 1217, Arimilli sufficiently alleges Rezendes offered her a security under § 12(a)(2).

Next, Arimilli meets the heightened pleading standard for fraud.  *See Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.").  Arimilli alleges that Rezendes told her, on March 24, 2017 over a phone call that all company filings were accurate.  (Doc. 59 at 62).  She asserts that this representation is false because Rezendes did not disclose his prior bankruptcy in the filings.  (*Id.*).  Arimilli further alleges that Defendant knew this representation was false, Defendant made this representation to induce her to act in reliance upon it, she believed the representation to be true and invested with Defendant because of it, she relied on the representation because of Defendant's knowledge and expertise, and that she suffered damages because of her reliance, including loss of total investment.  (*Id.* at 62-68).  Taken together, these allegations satisfy Rule 9(b)'s requirements and the nine required elements of fraud.  *See Peery*, 585 P.2d at 577.  As such, Arimilli's § 12(a)(2) securities and stock fraud claim is preserved as to Rezendes and is dismissed as to AvidBrain.

### v.  Defamation (Fifteenth Cause)

Arimilli's claim for constructive fraud against Defendant Rezendes is dismissed because the statute of limitations has run.  Defamation claims are governed by a one-year statute of limitation.  *See* A.R.S. § 12-541(1); *see also No Worries Rooter, LLC v. Marlin Mech. Corp., Inc.*, No. 1 CA-CV 21-0029, 2022 WL 776442, at *2 (Ariz. Ct. App. Mar. 15, 2022).  Although the statute of limitations for a defamation action begins to run upon publication of the defamatory statement, *Larue v. Brown*, 333 P.3d 767, 770 (Ariz. Ct. App. 2014), the discovery rule states that "a cause of action accrues 'when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct.'" *Wyckoff v. Mogollon Health All.*, 307 P.3d 1015, 1018 (Ariz. Ct. App. 2013).  However, in the context of defamation claims, Arizona courts extend the discovery rule only "to defamatory remarks [] made in an inherently secretive or confidential manner," such as in a confidential memorandum or a credit report.  *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*,

*a Div. Of Garrett Corp.*, 673 P.2d 984, 987 (Ariz. Ct. App. 1983); *see also Carey v. Maricopa Cnty.*, No. CV-05-2500, 2009 WL 750220, at *6-7 (D. Ariz. Mar. 10, 2009) (noting that remarks made in a clandestine manner among co-workers are not the sort of defamation that comes under the scope of the discovery rule).

Here, Arimilli makes three allegations of defamation: (1) in July 2017, Rezendes stated to Holdiman that Arimilli was actively and intentionally wasting company funds, time, and resources; (2) in July and August 2017, Rezendes stated to Holdiman that Arimilli was mentally unstable; and (3) in August 2017, Rezendes stated to Holdiman that Arimilli lacked competency to perform her job. (Doc. 59 at 76); *see Ultimate Creations, Inc. v. McMahon*, No. CV-06-0535, 2007 WL 9735048, at *2 (D. Ariz. Feb. 5, 2007) (internal quotations omitted) (holding that defamatory statements need not be set forth verbatim in the complaint but must be "specifically identified, such that the defendant may adequately defend itself"). Arimilli filed her original complaint in October 2020, three years after the alleged defamatory statements. (Doc. 1-1 at 5).

Arimilli asserts, generally, that the statute of limitations should be tolled because "Defendant Rezendes statements were calculated and executed in a fashion to prevent [her] from becoming aware of what was said until a much later date." (Doc. 59 at 76-77). Arimilli, however, does not specify which of Rezendes's statements were made with an intent to conceal, failing to distinguish between Rezendes's statements to Holdiman and his many other statements, such as Rezendes's alleged 2018 statements to Witness D about Arimilli's friendship with Rezendes or his 2017 statements to potential investors about Arimilli's satisfaction with her investment in AvidBrain. (Doc. 59 at 76). Nor does Arimilli proffer why the statements Rezendes made to Holdiman were particularly likely to be concealed from her, or that they were concealed. Although the remarks may have been clandestine, Arimilli does not allege they were made in an inherently confidential manner. *See Breeser v. Menta Group, Inc., NFP*, 934 F.Supp.2d 1150, 1162 (D. Ariz. 2013) (holding the discovery rule does not apply to toll the statute of limitations where plaintiff alleges defamation based on a comment between former co-workers that plaintiff

"never could handle the job anyway" because, although it "may have been clandestine, []
they were not made in an inherently confidential manner").  As such, Arimilli's defamation
claim is dismissed as time barred.

### vi.   Intrusion Upon Seclusion (Sixteenth Cause)

Arimilli's intrusion upon seclusion claim against Defendant Rezendes is dismissed
because the statute of limitations has run.  Intrusion upon seclusion has a two-year statute
of limitation.  A.R.S. § 12-542; *see also Hansen v. Stoll*, 636 P.2d 1236, 1242 (Ariz. Ct.
App. 1981) ("Since invasion of privacy involves personal injury (mental distress), and
sounds mainly in tort, we hold that it is governed by the two-year limitation of A.R.S. §
12-542.").

Arimilli does not present a plausible basis for inferring that she did not know about
the facts underlying her intrusion upon seclusion claim in 2017, when she noticed the "the
loss and then reappearance of emails, password reset emails, read notices on emails the
Plaintiff had not opened and odd exchanges with individuals she was in communication
with via email that resembled interference[] in her email accounts."  (Doc. 59 at 78).
Arimilli asserts that she was aware of and made Rezendes aware of these oddities in June
2017.  (*Id.*).  Arimilli further asserts that, in November 2017, Rezendes and Holdiman
impersonated her in email correspondence and utilized access to her personal emails to
"impede her ability to gather evidence, acquire legal counsel, monitor private conversation
with witnesses and authorities." (*Id.* at 79).  Arimilli did not bring her original complaint
until three years later in October 2020, (Doc. 1-1), and she did not first assert her intrusion
upon seclusion claim until four years later when she filed her Third Amended Complaint
in September 2021, (Doc. 15 at 27).  As such, Arimilli's intrusion upon seclusion claim is
dismissed as time barred.

### vii.   Civil Conspiracy (Eighteenth Cause)

Arimilli's civil conspiracy claim is dismissed as to all remaining defendants:
Rezendes, Rosen, AvidBrain, and TutorNode.  To state a claim for civil conspiracy in
Arizona, a plaintiff must allege that (1) two or more persons, (2) agreed to accomplish

either (3) an unlawful purpose, or (4) a lawful objective by unlawful means. *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. Ct. App. 1998).  Civil conspiracy is a derivative tort that requires underlying tortious conduct for liability to attach. *Id.*; *see also Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966).  However, "not all members of a conspiracy need [to] be named defendants for one member to be found liable." *Rowland*, 757 P.2d at 110.

Arimilli's conspiracy claim seems to be based on the Defendants' alleged conspiracy to commit fraud.  (Doc. 59 at 86) ("Defendant[s] . . . knowingly acted in concert with each other to orchestrate a complex fraud and to fraudulently conceal their fraudulent activities.").  When a plaintiff alleges a conspiracy to commit fraud, Rule 9(b) requires more than conclusory allegations of the conspiracy and instead that the conspiracy to commit fraud be plead with the same particularity as the fraud itself. *S. Union Co. v. Sw. Gas Corp.*, 165 F.Supp.2d 1010, 1020 (D. Ariz. 2001) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).  "To satisfy this requirement, a 'plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement.'" *Id.*; *see also Roberts v. Heim*, 670 F.Supp. 1466, 1484 (N.D. Cal. 1987) ("To survive a motion to dismiss, plaintiffs must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement . . . It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement.") (cleaned up) (internal quotations omitted).

As to Defendants AvidBrain and TutorNode, Arimilli fails to state a claim upon which relief can be granted.  Arimilli added AvidBrain and TutorNode as defendants to this action because the "corporations were utilized as conduits to conceal fraudulent activity and the filings surrounding their filings are vehicles of concealment."  (Doc. 59 at 86).  "A complaint 'does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Doe v. Fed. Dist. Ct.*, 467 F.App'x 725, 727 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Arimilli does no

1    more than assert, without a factual basis, that Defendants AvidBrain and TutorNode

2    unlawfully harmed her by engaging in a civil conspiracy.

3         As to Defendant Rosen, Arimilli fails to assert with the requisite particularity that

4    she agreed to participate in a conspiracy.  *See S. Union Co.*, 165 F.Supp.2d at 1020.

5    Arimilli alleges that Rezendes and Rosen worked "in concert, collusion, and

6    correspondence with each other" to make numerous fraudulent misrepresentations.  (Doc.

7    59 at 81).   She further alleges that Rosen connected Rezendes with investors and assisted

8    in acquiring and concealing funds by accepting payments on Rezendes's behalf.  (*Id.* at

9    83).  Although these allegations may suggest Rezendes and Rosen reached some agreement

10   to work together, they do not suggest they agreed to conspire to defraud Arimilli.  *See*

11   *Roberts*, 670 F.Supp. at 1485 (finding defendants reached an agreement, not conducted an

12   illegal scheme, where defendants agreed to provide professional services and thereafter

13   performed a wrongful act).

14        Finally, as to Defendant Rezendes, Arimilli asserts Rezendes and Holdiman

15   "intentionally conspired together."  (Doc. 59 at 84).  Specifically, she asserts that they

16   conspired to hack into her email and cloud accounts starting June 2017, to interfere with

17   her ability to refill a prescription, and to give Arimilli modified text message exchanges

18   and evidence in place of unedited files and other evidence.  (*Id.*).  As noted above,

19   Arimilli's fraud claims provide the basis from which she makes her conspiracy claim.

20   (Doc. 59 at 86).  The allegations of hacking, interfering with prescriptions, and tampering

21   with evidence, however, are immaterial to Arimilli's fraud claims.  Thus, to the extent that

22   Arimilli bases her conspiracy claim on these allegations, they are insufficient to state a

23   claim for civil conspiracy.  *See AGA S'holders, LLC v. CSK Auto, Inc*., 589 F.Supp.2d

24   1175, 1191-92 (D. Ariz. 2008) (holding civil conspiracy is a derivative tort "for which a

25   plaintiff may recover only if it has adequately pled an independent primary tort") (citing

26   *Rowland*, 757 P.2d at 110).  And to the extent Arimilli asserts that hacking, interfering, and

27   tampering are the independent, primary torts, Arimilli has failed to do more than assert

28   legal conclusions couched as factual allegations, which do not receive a presumption of

truthfulness.  *See Pareto*, 139 F.3d at 699.

As such, Arimilli's civil conspiracy claim is dismissed with prejudice.

### c.  Previously Limited Fraud Claims

The Court previously preserved Arimilli's claims for fraudulent misrepresentation (First Cause), fraudulent inducement (Second Cause), and fraudulent concealment (Fourth Cause) to the extent the claims were based on Rezendes's representation that "all company filings were accurate."  (*See* Doc. 40 at 3-4).  In the operative complaint, Arimilli reiterates her fraud claims against Rezendes and adds Rosen, AvidBrain, and TutorNode as defendants.  (Doc. 59 at 13).

The fraud claims are governed by Federal Rule of Civil Procedure 9, requiring a heightened pleading standard.  Fed. R. Civ. P. 9(b).  To prevail on a common law fraud claim, Arimilli must show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. Ct. App. 1978).

Arimilli's fraud claims fail as to Defendants AvidBrain and TutorNode.  Arimilli asserts she added the companies as defendants because AvidBrain is the "conduit company utilized for the fraudulent activity" and because TutorNode "may be acting to assist the concealment of fraud."  (Doc. 59 at 21).  These are not sufficient grounds to state a claim for relief against either Defendant.

Arimilli's fraud claims also fail as to Defendant Rosen.  Arimilli asserts that Rosen made three representations in mid-March 2017: (1) Rosen affirmed that Rosen's brother graduated from Stanford, (Doc. 59 at 13), (2) Rosen stated she was married to Rezendes, (*Id.*), and (3) Rosen affirmed the couple was financially secure, (*Id.* at 14).  Arimilli, however, fails to allege Rosen's intent that Arimilli rely on these representations to invest

in AvidBrain and to allege Arimilli had a right to rely on Rosen's representations. *See Peery*, 585 P.2d at 577; *see also Lininger v. Sonenblick*, 532 P.2d 538, 540 (Ariz. Ct. App. 1975) ("Before one can have relief from a claimed fraud, he must show not only that he relied on the misrepresentation, but also that he had the right to rely on it.").

Arimilli's fraud claims against Rezendes may remain to the extent allowed by the Court's prior orders, (*see* Doc. 14 at 7; Doc. 22 at 9-10; Doc. 40 at 3-4), with the addition of claims related to Rezendes's Investor Opportunity sheet. (Doc. 59 at 17-18). As to the claim remaining from previous complaints, Arimilli pleads that Rezendes's representation to her on March 24, 2017 that all company filings were accurate was false because Rezendes did not disclose his prior bankruptcy in the company filings. (*Id*. at 15). Arimilli further alleges that Rezendes knew this representation was false, made this representation to induce Arimilli to invest with Rezendes because of it, Arimilli relied on the representation because of Rezendes's knowledge and expertise, and Arimilli suffered damages because of her reliance, including loss of total investment. (*Id*. at 15, 19-21). Taken together, the Court held these allegations satisfy Rule 9(b)'s requirements and the nine required elements of fraud. *See Peery*, 585 P.2d at 577.

Arimilli is similarly able to satisfy Rule 9(b)'s requirements and the nine required elements of fraud as to her allegations regarding Rezendes's Investor Opportunity sheet. Specifically, Arimilli pleads with sufficient particularity that Rezendes's representation to her in the Investor Opportunity information sheet in a March 24, 2017 email was false because the success of the company was exaggerated. (*Id*. at 17). Arimilli further alleges that Rezendes knew the information sheet had false information, made the representation to induce Arimilli to invest in AvidBrain because of it, Arimilli relied on the representation because of Rezendes's knowledge and expertise in the educational and start up field, and Arimilli suffered damages because of her reliance, including loss of total investment. (*Id*. at 17-21).

Arimilli lays out many other representations made by Rezendes, which she alleges are false; however, as was the case in previous complaint, Arimilli failed to plead that she

relied on the representations to her detriment and how the reliance on each statement was justified.  Instead, she alleges she "justifiably relied on . . . every representation outlined [in her complaint]" because she has basic intelligence, no completed education, little to no startup experience, and is not financially skilled or versed.  (Doc. 59 at 19-20).  This general assertion does not meet the level of particularity required by Rule 9(b) when asserting fraud.

As such, Arimilli's fraud claims are preserved only as to Rezendes and to the extent outlined above.  Arimilli's fraud claims against Defendants Rosen, AvidBrain, and TutorNode are dismissed.

### d.  New Claim: Aiding and Abetting (Seventeenth Claim)

Arimilli asserts her aiding and abetting claim against only Defendant Glaeseman.  As discussed earlier in this Order, Arimilli failed to state a cognizable legal claim against Glaeseman.  Arimilli's aiding and abetting claim is dismissed with prejudice.

### e.  Complaint Does Not Violate Notice Pleading Requirements

Rezendes asserts Arimilli's Sixth Amended Complaint should be dismissed in its entirety for violating Rule 8.  (Doc. 62-1 at 4).  Federal Rule of Procedure 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), 8(d)(1).  Rezendes asserts that Arimilli's 94-page complaint, which repeats factual issues, makes conclusory statements, and alleges various causes of action against multiple defendants without specifying how each defendant is liable prevents Rezendes from adequately responding to any of the alleged claims.  (*Id*.).  Indeed, as pled, it is difficult to determine which factual allegations support each of the nineteen causes of action.  However, allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94.  Pro se complaints must be liberally construed and afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Given Arimilli has no further opportunities to amend, (Doc. 40 at 13), the Court will not dismiss her Complaint for failure to comply with Rule 8.

Rezendes did not otherwise challenge Plaintiff's third, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, or nineteenth causes of action. As such, the claims remain as pled.

**IV.    Arimilli's Motion for Sanctions (Doc. 93)**

Defendants Rezendes, Rosen, AvidBrain, and TutorNode failed to comply with the Court's October 1, 2024 Order (Doc. 89) to retain counsel or file a Notice of Appearance on their own behalf. (Doc. 92). The Court did not preclude Arimilli from seeking appropriate remedies. Consistent with the Court's Order, Arimilli filed a Motion for Sanctions for Failure to Appear (Doc. 93). She requests the court impose sanctions that it deems appropriate. (Doc. 93 at 1). Arimilli has not established that she incurred any out-of-pocket costs or fees due to the Defendants' failure to respond to the Court's orders, therefore, no such fees shall be awarded to the Plaintiff.

Nevertheless, Defendants Rezendes, Rosen, AvidBrain, and TutorNode have failed to comply with the Court's order of October 1, 2024. Rezendes and Rosen may appear before this Court pro per, and in absence of lawyers representing them are now deemed to be representing themselves. The entity defendants, however, may not be represented by individuals who are not authorized to practice before this Court. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'"). After having received a great deal of time to obtain an attorney without doing so, Defendants AvidBrain and TutorNode will be defaulted on any remaining claims against them. Because, however, AvidBrain and TutorNode still maintained counsel when the briefing on this matter was complete, the Court affords them the benefit of the arguments raised on their behalf while they were still represented. Thus, Plaintiff's claims against the AvidBrain and TutorNode in Counts One, Two, Four, Five, Six, Seven, Eight and Eighteen are dismissed. Nevertheless, on the counts remaining against those entities, the Court strikes the answers of AvidBrain and TutorNode and directs the Clerk to enter

1  default against those.[4]

2      Accordingly,

3      **IT IS THEREFORE ORDERED** that Defendant Glaeseman's Motion to Dismiss

4  (Doc. 76) is **GRANTED** with prejudice.  The Clerk of Court is directed to enter a judgment

5  of dismissal as to Defendant Glaeseman.

6      **IT IS FURTHER ORDERED** that Defendant Holdiman's Motion to Dismiss

7  (Doc. 82) is **GRANTED** with prejudice.  The Clerk of Court is directed to enter a judgment

8  of dismissal as to Defendant Holdiman.

9      **IT IS FURTHER ORDERED** that Defendant Rezendes's Motion to Dismiss (Doc.

10  62), joined by Defendant Rosen, Defendant AvidBrain, and Defendant TutorNode, is

11  **GRANTED** in part and **DENIED** in part, as follows:

12      o   Count One remains as limited by this Order as to Defendant Rezendes.  Count

13          One is dismissed with prejudice as to Defendants Rosen, AvidBrain, and

14          TutorNode.

15      o   Count Two remains as limited by this Order as to Defendant Rezendes.

16          Count Two is dismissed with prejudice as to Defendants Rosen, AvidBrain,

17          and TutorNode.

18      o   Court Three remains as pled.

19      o   Count Four remains as limited by this Order as to Defendant Rezendes.

20          Count Four is dismissed with prejudice as to Defendants Rosen, AvidBrain,

21          and TutorNode.

22      o   Count Five remains as pled.

23      o   Count Six is dismissed with prejudice.

24      o   Count Seven is dismissed with prejudice.

25      o   Count Eight remains as pled as to Defendant Rezendes.  Count Eight is

26          dismissed with prejudice as to Defendant AvidBrain.

---

27  [4] Arimilli asks the Court not to grant default judgment, as she fears Defendants will use

28  such a judgment to avoid an adverse ruling.  However, a default judgment is no more easily avoided in bankruptcy proceedings than any other judgment.  There being no other practical remedy available, the Court grants default.

o Count Nine remains as pled.

o Count Ten remains as pled.

o Count Eleven remains as pled.

o Count Twelve remains as pled.

o Count Thirteen remains as pled.

o Count Fourteen remains as pled.

o Court Fifteen is dismissed with prejudice.

o Count Sixteen is dismissed with prejudice.

o Count Seventeen dismissed with prejudice.

o Count Eighteen is dismissed with prejudice.

o Count Nineteen remains as pled.

**IT IS FURTHER ORDERED** that Plaintiff Arimilli's Motion for Sanctions (Doc. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that default be entered against Defendant AvidBrain, LLC as to Count Five, Count Eleven, Count Twelve, Count Thirteen, and Count Nineteen.

**IT IS FURTHER ORDERED** that default be entered against Defendant TutorNode, Inc. as to Count Thirteen and Count Nineteen.

Dated this 10th day of March, 2025.

*G. Murray Snow*

G. Murray Snow
Senior United States District Judge